ANDRÉ BIROTTE JR.
United States Attorney                    JS 6
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 190414
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-2727
   Facsimile: (213) 894-7177
   E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 09-4797 DSF (RZx) |
| Plaintiff, | |
| vs. | **CONSENT JUDGMENT OF FORFEITURE** |
| $13,000.00 IN U.S. CURRENCY, $8,721.93 IN BANK FUNDS, 200 ONE-TROY OUNCE SILVER LEAF CANADIAN $5 COINS, 1,100 ONE-TROY OUNCE SILVER ROUND COINS, AND 530 ASSORTED ONE-TROY OUNCE SILVER COINS, | |
| Defendants. | |
| ERIN BERKOWITZ and MASON LYTE, | |
| Claimants. | |

1  Plaintiff and Claimants Erin Berkowitz and Mason Lyte
2 ("Claimants") have made a stipulated request for the entry of
3 this Consent Judgment, resolving this action in its entirety.
4 The defendant assets were seized from Claimants.  No other
5 person is believed to have any claim to the defendant assets.
6  The Court, having considered the stipulation of the
7 parties, and good cause appearing therefor, **HEREBY ORDERS**
8 **ADJUDGES AND DECREES**:
9  1.  The government has given and published notice of this
10 action as required by law, including Rule G of the Supplemental
11 Rules for Admiralty or Maritime Claims and Asset Forfeiture
12 Actions, Federal Rules of Civil Procedure, and the Local Rules
13 of this Court.  Claimants have filed a claim and answer to
14 contest the forfeiture of the defendant assets.  No other claims
15 were filed, and the time for filing claims and answers has
16 expired. This Court has jurisdiction over the parties to this
17 judgment and the defendant assets.  Any potential claimants to
18 the defendant assets other than Claimants are deemed to have
19 admitted the allegations of the complaint with respect to the
20 defendant assets.
21  2.  $8,721.93 of the defendant bank funds, with interest
22 actually earned on that amount, shall be returned to Claimant
23 Mason Lyte through his counsel.  The defendant 530 assorted one-
24 troy ounce silver coins shall be returned to Claimant Erin
25 Berkowitz through her counsel.  The United States Marshals
26 Service shall return to Claimant Mason Lyte, via wire transfer
27 to Claimant's counsel's client trust account or by check payable
28 to "Paul L. Gabbert Client Trust Account" the defendant

$8,721.93, with any interest actually earned on that amount, not later than 45 days after (a) the court enters this Consent Judgment and (b) Claimant Mason Lyte provides to the government the bank routing information needed to effect a wire transfer of the funds, whichever is later.  The United States Marshals Service shall return to Claimant Erin Berkowitz the defendant 530 assorted one-troy ounce silver coins not later than 45 days after the court enters this Consent Judgment.

  3. $24,950.00 of the value of the defendant 1,100 one-troy ounce silver round coins shall be paid by the U.S. Marshals Service to the Clerk of the Court to satisfy the $24,950.00 remaining to be paid pursuant to the restitution ordered in <u>United States v. Mason Lyte and Kalib Kersh</u>, CR09-0211 DSF.  The government shall have judgment against the interests of Claimants (and any potential claimants) as to the remainder of the value of the defendant 1,100 one-troy ounce silver round coins, the defendant 200 one-troy ounce silver leaf Canadian $5 coins, and the defendant $13,000.00 in U.S. currency, which assets are hereby forfeited and condemned to the United States, and no other right, title or interest shall exist therein.  The government shall dispose of the forfeited asset according to law.

  4. The United States Marshals Service shall forward $24,950.00 to the Clerk of the Court with the reference that said payment is for the $24,950.00 remaining to be paid pursuant to the restitution ordered against Claimant Mason Lyte in <u>United States v. Mason Lyte and Kalib Kersh</u>, CR09-0211 DSF.

1        5.   Claimants have released the United States of America,
2   its agencies, agents, and officers, including employees and
3   agents of the Drug Enforcement Administration ("DEA"), as well
4   as all agents, officers, employees and representatives of any
5   state or local government or law enforcement agency involved in
6   the investigation or prosecution of this matter, from any and
7   all claims, actions or liabilities arising out of or related to
8   the seizure and retention of the defendant assets and/or the
9   commencement of this civil forfeiture action, including, without
10  limitation, any claim for attorneys' fees, costs or interest
11  which may be asserted on behalf of Claimants against the United
12  States, whether pursuant to 28 U.S.C. § 2465 or otherwise.
13       5.   The court finds that there was reasonable cause for the
14  seizure of the defendant assets and the institution of this
15  action as to the defendant assets.  This judgment constitutes a
16  certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as
17  to the defendant assets.
18  ///
19  ///

6. Each of the parties shall bear its own fees and costs in connection with the seizure, retention and return of the defendant assets.

DATED: 5/3/2013

_____
THE HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Prepared by:

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Jonathan Galatzan
JONATHAN GALATZAN

Assistant United States Attorney
Asset Forfeiture Section